UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 25-cv-80801-MIDDLEBROOKS/Reinhart

MICHAEL PATRICK GIOIA,

    Plaintiff,

v.

RICHARD BRADSHAW, et al.,

    Defendants.

_____/

### ORDER ADOPTING IN PART REPORT AND RECOMMENDATION, RESTRICTING PRO SE PLAINTIFF'S FUTURE FILINGS AND CLOSING CASE

THIS CAUSE comes before the Court on United States Magistrate Judge Bruce Reinhart's Report and Recommendation ("R&R"), entered July 15, 2025 (DE 5). Judge Reinhart's Order does not address the merits of pro se Plaintiff's Complaint (DE 1), filed June 24, 2025, which alleges a violation of 42 U.S.C. § 1983 against the Defendants. Instead, Judge Reinhart's Order concerns Plaintiff's failure to pay the Court's mandatory filing fee of $405.00, or filing of a motion to proceed in forma pauperis ("IFP") in order to proceed in this case. (DE 5). In his Order, Judge Reinhart noted that he previously flagged these issues to Plaintiff in a paperless order, but that Plaintiff had not complied with Judge Reinhart's instructions at the time of his Order. (DE 4). Thus, Judge Reinhart recommended dismissal of the Complaint, without prejudice, on these grounds. (DE 5). I will dismiss the Complaint, but I will do so with prejudice. Moreover, for the reasons explained below, Plaintiff's future pro se filings in this case will be restricted and this case will be immediately closed.

The docket reflects Plaintiff has still not either paid his case's filing fee. Only recently did Plaintiff apply for IFP, which was received by the Clerk of Court on August 5, 2025 and was docketed on August 7, 2025. (DE 7). I also note that Plaintiff has failed to file a civil cover sheet, as also required under Local Rule 3.3.  Neither has Plaintiff filed any objections to Judge Reinhart's Report and Recommendation and Plaintiff's IFP motion came in after the objection period had run. On my own review, I agree with Judge Reinhart's recommendation to dismiss Plaintiff's Complaint. However, for the reasons discussed below, I will dismiss the Complaint with prejudice.

Plaintiff's Complaint (DE 1) does not state a cognizable claim and is a shotgun pleading. A Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, each "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). A shotgun pleading problem arises when a litigant fails to adhere to these instructions. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322-23 (11th Cir. 2015). Additionally, shotgun pleadings fail to give defendants adequate notice of the conduct each of them are accused of doing; it is insufficient to say that "all Defendants" engaged in a prohibited activity or violated Plaintiff's constitutional rights. *Id.* at 1323.

Plaintiff names Defendant Sheriff Bradshaw of the Palm Beach Sherriff's Office, "State Agent Det Lawmaster Investigator," (sic) and Alexa Ruggerio State Attorney as the Defendants in this suit.  Plaintiff does not actually state how each, or any of the Defendants violated his constitutional rights.  Instead, Plaintiff simply writes that his Fourteenth Amendment due process rights were violated due to his "presumption of innocence." (DE 1 at 2). Elsewhere in his Complaint, Plaintiff refers to case number 24-cv-81298-RS, *Gioia v. Rick Bradshaw*, which reveals a separate 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus filed in this district on

August 19, 2024 (DE 1, Case No. 24-cv-81298-RS). The docket shows Plaintiff's habeas petition was dismissed for lack of subject matter jurisdiction because "the petitioner is not in custody pursuant to the [state court] judgment he is attacking." (DE 22 at 2-3, Case No. 24-cv-81298-RS). Plaintiff appealed this order on March 19, 2025 (DE 25, Case No. 24-cv-81298-RS), but his appeal was dismissed for want of prosecution because he (again) failed to pay the filing and docketing fees or file a IFP motion. (DE 28, Case No. 24-cv-81298-RS). Thus, it remains wholly unclear how or why Plaintiff believes his constitutional rights to have been violated by these Defendants in connection with his previous § 2254 suit.[1]

In any case, Plaintiff's filings have led me to do an independent review of court records in the Southern District of Florida, which reveals that this Plaintiff has filed nine (9) pro se civil cases in the last year, five (5) of them being filed within the past month. All of them have either already been dismissed or remain ongoing but appear destined for the same fate for either failure to pay a filing fee/move for IFP or on the merits. The cases are: 24-cv-81298-RS, *Gioia v. Bradshaw*, filed August 19, 2024 (28 U.S.C. § 2254 habeas petition dismissed for lack of subject matter jurisdiction because Plaintiff was no longer in custody of respondent and his sentence for violating a domestic violence injunction expired before he filed suit); 24-cv-81229-MD, *Gioia v. Florida Department of Probation*, filed August 19, 2024 (separate § 2254 habeas petition challenging guilty plea of

---

[1] I note that there may also be qualified or absolute immunity defenses for the various Defendants Plaintiff sues here, but because it remains unclear what actions or events give rise to this suit, I do not discuss these legal doctrines here. *See e.g.*, *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004) (a prosecutor is entitled to absolute immunity for all actions taken while performing prosecutorial function, which includes initiation and pursuit of criminal prosecutions); *see also Jacoby v. Baldwin County*, 835 F.3d 1338, 1343-44 (11th Cir. 2016) ("qualified immunity protects government officials performing discretionary functions from liability if their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known.") (cleaned up).

one count of battery, dismissed by Judge Damian for failure to exhaust state court remedies); 25-cv-80064-AHS, *Gioia v. United States District Judge Melissa Damian*, filed January 16, 2025 (§ 2254 suit challenging Judge Damian's previous holding, and failing on same grounds); 25-cv-80729-DPG, *Gioia v. Lewis*, filed August 19, 2024 (§ 2254 habeas petition challenging 2010 domestic relations injunction entered in state court; dismissed for lack of jurisdiction, time-barred, failure to exhaust state court remedies); 25-cv-80796-AMC, *Gioia v. Lewis*, filed June 24, 2025 (§ 1983 claim against a deceased state court judge for "taking bribe in family court"; case remains ongoing but district judge ordered Plaintiff to file IFP motion or pay filing fees); 25-cv-80797-RMM, *Gioia v. Tejada et al.*, filed June 24, 2025 (§ 1983 suit conclusory alleging Defendants violated Plaintiff's civil rights based on "factual entrapments"; case also remains ongoing and magistrate judge ordered Plaintiff to file civil cover sheet, pay filing fee, or proceed IFP); 25-cv-80967-BER, *Gioia v. Lakeland County Medical Hospital*, filed August 4, 2025 (§ 1983 suit brought because "[unnamed] judge denied their petition because of habeas"); 25-cv-80802-WM, *Gioia v. State Agent Det. C. Rojas*, filed June 24, 2025 (§ 1983 case dismissed for failure to pay filing fee/file IFP motion).

Given that this instant complaint fails to state a claim and in light of Plaintiff's history of continuous, repetitive and apparently vexations filing, I will dismiss Plaintiff's Complaint with prejudice. Moreover, I will restrict Plaintiff from filing any future *pro se* filings in this matter. This injunctive restriction is essential and prudent to avoid conduct that impairs the rights of other litigants and the Court's ability to effectively carry out its Article III functions. *See Johnson v. 27th Ave. Caraf, Inc.*, No. 19-14353, 2021 WL 3627604, at *11 (11th Cir. Aug. 17, 2021) (affirming district court order enjoining plaintiffs from filing any future ADA complaints without first obtaining permission from the court) (citing *Procup v. Strickland,* 792 F.2d 1069, 1073-74

(11th Cir. 1986) (en banc) (per curiam) (finding district courts are given "considerable discretion" in deciding how to impose restrictions, and the only limitation on this power is that the litigants cannot be "completely foreclosed from any access to the court.")); *Watkins v. Dubreuil,* 820 F. App'x 940, 947-48 (11th Cir. 2020) (per curiam) (affirming restrictive sanctions, noting that plaintiff "does not take 'no' for an answer" and "multiplies the litigation by filing frivolous motions for reconsideration and frivolous interlocutory appeals.'").

I will not endeavor to exhaustively analyze the nature, character, and degree of overlap that exists among the slew of cases Plaintiff has previously filed, as would be necessary before imposing and defining the scope of a more broad, pre-filing injunction pursuant to the court's inherent power to curb the adverse systemwide impact of abusive litigants. But this Order will serve as a warning to Plaintiff that if he does file another frivolous civil complaint in this district, he is at risk of being declared vexatious and precluded from future pro se filing of any non-emergency civil lawsuit in this district.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1) Magistrate Judge Reinhart's Report and Recommendation (DE 5) is **ADOPTED IN PART.**

2) For the reasons set forth above, the Complaint (DE 1) is **DISMISSED WITH PREJUDICE**.

3) Moreover, Plaintiff's filings <u>in this case</u> are hereby **RESTRICTED**. Thus, no motions to reconsider or reopen will be entertained. The Clerk is directed **not to docket any future *pro se* filings from Plaintiff** in this matter unless and until they have been approved by this Court.

4) The Clerk of Court is directed to **CLOSE THIS CASE.**

5) Any pending motions are **DENIED AS MOOT.**

**SIGNED** in Chambers in West Palm Beach, Florida, this 8th day of August, 2025.

_____
Donald M. Middlebrooks
United States District Judge

Copies to:
    Magistrate Judge Bruce Reinhart
    Michael Patrick Gioia, pro se
    125 S. State Rd 7, 104-322
    Wellington, FL 33414